UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PAM MILLER, Individually and For Others Similarly Situated, | ) )<br>) Case No. 3:19-cv-429<br>) |
| Plaintiff, | ) |
| v. | ) |
| THE STEAM GENERATING TEAM, LLC, | ) |
| Defendant. | ) |
| ---------------------------------------------------- | ) |
| THE STEAM GENERATING TEAM, LLC, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| SYSTEM ONE HOLDINGS, LLC, | ) |
| Third-Party Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

**Andrew W. Dunlap**
Texas Bar No. 24068647
*(Admitted Pro Hac Vice)*
**Taylor A. Jones**
Texas Bar No. 24107823
*(Admitted Pro Hac Vice)*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 325-1100
Fax: (713) 325-3300
adunlap@mybackwages.com
tjones@mybackwages.com

**Christopher Strianese**
NC Bar No. 46918
**Tamara Huckert**
NC Bar No. 35348
**STRIANESE HUCKERT, LLP**
3501 Monroe Rd.
Charlotte, NC 28205
Tel: 704-966-2101
chris@strilaw.com
tamara@strilaw.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

Pam Miller, on behalf of both herself and others similarly situated (Miller), Defendant Steam Generating Team, LLC (SGT), and Third-Party Defendant System One Holdings, LLC (System One) (SGT and System One collectively, Defendants) (collectively, the Parties) have reached a Settlement Agreement in this Fair Labor Standards Act (FLSA) lawsuit (the Action).[1] A settlement in the amount of $172,500.00 was reached with the assistance of Michael Russell, a preeminent FLSA collective action mediator, and was the result of arm's-length negotiations conducted by experienced counsel for all Parties after formally and informally exchanging substantial information, issuing numerous subpoenas, conducting numerous depositions, and motion practice over the course of a year. The terms of the settlement are reasonable, appropriate, and fair to all Parties and individuals involved.

The Parties' Settlement Agreement (Settlement Agreement or Agreement) covers Plaintiff and 7 prospective collective members identified by the Parties at the mediation of this matter, who System One supplied to SGT who were paid straight time for overtime at any time on or after July 7, 2010. *See* Ex. 1 at ¶ 11(aa); *see also* Ex. 1-3.

If the Settlement is approved, the Settlement Class Members will receive a notice explaining the nature, terms and scope of the Settlement, along with an Opt-In Form through which they can affirmatively opt-in to the Settlement. Ex. 1 at ¶ 23; *see also* Ex. 1-1; Ex. 1-2. As agreed by the Parties, Class Counsel will administer the settlement notice to prospective Settlement Class Members and manage all disbursements of the settlement fund. Ex. 1 at ¶¶ 23, 29. The Settlement Class Members have 60 days to return an executed Opt-In Form to join the Settlement. Ex. 1 at ¶ 11(o). The Settlement Class Members will release Defendants, pursuant to the Settlement Agreement, by timely returning an executed Opt-In Form and affirmatively joining the Settlement. Ex. 1 at ¶ 23, 37. If a

---

[1] The settlement is memorialized in the Settlement Agreement and Release (Agreement), attached as Exhibit 1.

prospective Settlement Class Member does not timely return an executed Opt-In Form, such prospective Settlement Class Member will retain all of their wage and hour claims.

As shown in the attached Memorandum, the Parties' Settlement is a fair and reasonable resolution to a *bona fide* dispute between the Parties regarding the Settlement Class Members' classification status under the FLSA. Under the settlement, the gross settlement represents approximately 1,231%[2] of the two-year back wages and 121% of the three-year back wages, after attorney fees, costs, and the enhancement award. *See* Declaration of Andrew W. Dunlap (attached as "Ex. 2") at ¶ 26. The average gross settlement per Settlement Class Member is roughly $8,750.00. *Id.*

Accordingly, the Parties respectfully move the Court to approve the Settlement and permit the Parties to effectuate its terms using the forms and procedures set forth in their Agreement Further, the Parties seek Court approval of the following payments: (1) a Service Award to Named Plaintiff Pam Miller in the amount of $2,500.00; and (2) Attorneys' Fees and Costs in the amount of $100,000.00, inclusive of the costs related to administering this Settlement. Finally, the Parties ask that the Court dismiss with prejudice the claims against SGT brought by Miller, on behalf of herself and all others similarly situated, in accordance with the Parties' proposed order.

**Dated: August 27, 2020**

---

[2] The Class Members had very little damages in the 2-year statute of limitations, which accounts for the 2-year percentage of damages being so high.

Respectfully submitted,

**JOSEPHSON DUNLAP**

By: */s/ Taylor A. Jones*
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    *(admitted pro hac vice)*
    **Taylor A. Jones**
    TX Bar No. 24107823
    *(admitted pro hac vice)*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com
tjones@mybackwages.com

**Christopher Strianese,** NC Bar No. 46918
**Tamara Huckert,** NC Bar No. 35348
3501 Monroe Rd.
Charlotte, NC 28205
Tel: 704-966-2101
chris@strilaw.com
tamara@strilaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On August 27, 2020, I served the foregoing document via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure.

>*/s/ Taylor A. Jones*
>**Taylor A. Jones**

## CERTIFICATE OF CONFERENCE

Prior to filing the instant Motion, I conferred with SGT's Counsel and System One's Counsel on multiple occasions regarding the relief sought herein. SGT's Counsel and System One's Counsel indicated that SGT and System one are not opposed to the requested relief, which is further evidenced by the Settlement Agreement. *See* Ex 1.

>*/s/ Taylor A. Jones*
>**Taylor A. Jones**